UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No.: 3:18 CR 104 |
| | : | |
| **Plaintiff,** | : | **UNITED STATES' SENTENCING** |
| | : | **MEMORANDUM** |
| **vs.** | : | |
| | : | |
| **SANDY GREEN,** | : | |
| | : | |
| **Defendant.** | : | |

Now comes the United States, by and through the undersigned Assistant United States

Attorney, and respectfully provides the following sentencing memorandum.

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY


s/ Andrew J. Hunt
Andrew J. Hunt (0073698)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, OH 45402
(937) 225-2910
Fax: (937) 225-2564
Andrew.Hunt@usdoj.gov

1

## FACTUAL BACKGROUND

Defendant Sandy Green ("Green") was convicted in 2006 of wire fraud, stealing a

substantial amount from a previous employer. (Presentence Report ("PSR") ¶ 49).  In 2017,

Green managed to obtain employment as a bookkeeper at two local businesses, hereinafter

Company A and Company B. (R. 21, *Plea Agreement*, PAGEID# 49-50).  In that capacity, Green

almost immediately began defrauding her employers in multiple ways.  At Company A, she

conducted numerous fraudulent credit card returns, stealing over $100,000. (PSR ¶¶ 15-18; R.

21, *Plea Agreement*, PAGEID# 49).  At Company B, Green used her access to the company's

account to wire thousands of dollars to her personal accounts, made unauthorized credit card

purchases using the company credit card, and inflated her wages. (R. 21, *Plea Agreement*,

PAGEID# 49-50).  As to the counts of conviction, between on or about November 2, 2017 and

January 16, 2018, Green caused two interstate wire communications to be transmitted in

furtherance of her scheme to defraud the companies. (*Id*.)  For purposes of U.S.S.G.

§ 2B1.1(b)(1), the readily provable amount that was stolen from the two companies is

approximately $208,327.11.[1]

On August 28, 2018, Green entered guilty pleas to the two-counts in the Information,

each count alleging "Wire Fraud," in violation of 18 U.S.C. § 1343. The statutory penalties

include a term of up to 20 years in prison.  Based on the Statement of Facts, PSR, and the

---

1 It appears unlikely that the full scope of her fraud can be identified with precision, because
Green was the bookkeeper for Company B and admittedly entered false information into the
company's records, and there are a large number of accounts and transactions related to Green
and the two companies.  Company B's owner testified that he and his staff spent numerous hours
reviewing their books and later enlisted an outside CPA, and even now lacked full confidence in
the figures. (*4/23/19 Tr.*, pgs. 18, 23).

information elicited at the April 23, 2019 sentencing hearing, the Government believes the Court should find the advisory guideline range is 33-41 months (Criminal History Category III, Net Offense Level 18).

## ARGUMENT

In crafting a sentence pursuant to 18 U.S.C. § 3553(a), the Court takes into account: 1) the nature and circumstances of the offense, and history and characteristics of the defendant, 2) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense, 3) the need to adequately deter criminal behavior, 4) the need to protect the public from future crimes of the defendant, 5) providing rehabilitative services to the defendant, 6) the kinds of sentences available, 7) the kinds of sentence and sentencing range established by the Sentencing Guidelines for the offense (and any pertinent policy statements), 8) restitution needs, and 9) the need to avoid unwarranted disparities among similarly situated defendants. The Court may place greater weight on certain factors as opposed to others. *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012).

The Government respectfully requests that the Court impose a term of at least 52 months imprisonment. The Government understands that this would require an upward variance, but believes such a variance appropriate under the § 3553 factors based upon: 1) Green's recidivism, 2) that there were multiple victims, 3) the financial and personal damage inflicted by Green, and 4) because her abuse of trust was aggravated.

First, Green was previously convicted of wire fraud in 2006, wherein she basically engaged in the same conduct as her present offense. She stole money through fraudulent credit

3

card purchases/credits, made unauthorized credit charges on company accounts, and wrote checks to herself using the company account. (PSR ¶ 49).  After defrauding that victim of a large sum of money, it appears she made nominal efforts to pay restitution. (*Id*.)  While Green accrued criminal history points for that 2006 conviction, the Sentencing Guidelines do not account for her recidivism.  Her conduct reflects a great need for deterrence, as her prior 27 month prison sentence apparently had no impact upon her.

Second, Green also victimized multiple companies, and Green started stealing from them almost immediately after being hired (within approximately two months). (R. 21, *Plea Agreement*, PAGEID# 49-50; PSR ¶ 23).  The Sentencing Guidelines are the same regardless of whether there are two victims or one, and regardless of the speed by which Green took advantage of her employer.

Third, Green inflicted great personal and financial damage.  As the Court heard at the April 23, 2019 hearing, Company B is a smaller, family-owned business, and was just getting started when Green began stealing from them. (*4/23/19 Tr.*, pg. 14).  Because of her fraud, Company B lacked sufficient funds to pay its employees and suppliers, at one point having around $4 in a checking account. (*Id*. at 18-19).  Green's acts caused great uncertainty about the true state of Company B's financial affairs, and required countless hours of Company B's owner/his staff and an outside accounting firm to unravel. (*Id*. at 18-19, 23-24). On multiple occasions, Company B's owner had to take his personal money and inject it into the business to keep it afloat, causing personal issues. (*Id*. at 19-20, 22-24).  Company B's vendors placed restrictions on Company B's purchases and caused Company B to pay substantial late fees. (*Id*. at 20-21).  Her fraud also affected Company B's reputation, and when married with the financial

4

issues from the theft, stunted Company B's ability to grow. (*Id*. at 20-22). The opportunity cost of that lost business/growth is unknown, but it is certainly an additional harm not fully reflected by the advisory guidelines range.

Finally, Green's abuse of trust was aggravated. More than just simply using her position to steal money through her account access, she deceived Company B in ways beyond that necessary to commit the crime. Because she was the CFO, Company B's owner relied on Green and had several conversations with her to obtain an accurate picture of the company's finances, but Green obviously misled Company B's owner - either explicitly or through omission - as he made decisions trying to keep the company afloat. (*Id*. at 16-17). She also doctored Company B's ledgers, which contributed to the difficulty in identifying the amount stolen and the true financial state. (R. 21, *Plea Agreement*, PAGEID# 50). This conduct increases the seriousness of her offense.

Because the Sentencing Guidelines do not fully account for these facts/harms, an upward variance is appropriate to satisfy the § 3553(a) factors of deterrence and just punishment, to protect the public from more theft by Green, reflect the seriousness of the offense and the recidivist criminal background of Green, and to promote respect for the law. The Government believes the recommended sentence of at least 52 months imprisonment would satisfy the purposes of sentencing.

## CONCLUSION

The United States believes a sentence of at least 52 months imprisonment would be

sufficient, but not more than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

s/ Andrew J. Hunt
Andrew J. Hunt (0073698)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, OH 45402
(937) 225-2910
Andrew.Hunt@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served May 21, 2019, upon Mr.

Christopher Deal, Esq., via CM/ECF electronic filing.

s/ Andrew J. Hunt
Andrew J. Hunt (0073698)
Assistant United States Attorney